UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YVON LUCIEN, A18-122-931,

          Petitioner,

-vs-

TODD L. TRYON, and

DEPARTMENT OF HOMELAND SECURITY

          Respondents.
_____

**DECISION AND ORDER**
**No. 11-CV-911(MAT)**

## I. Introduction

*Pro se* Petitioner Yvon Lucien("Lucien" or "Petitioner"), an alien subject to ongoing removal proceedings, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention in the custody of Respondents ("Respondents" or "the Government"), and seeks an order releasing him from mandatory detention, or, in the alternative, granting Petitioner an individualized bond determination hearing.

## II. Facts & Procedural History

Petitioner, a native of the Democratic Republic of the Congo and a citizen of both Haiti and the Democratic Republic of the Congo, was admitted to the United States on or about November 1, 1968, as a lawful permanent resident. See Declaration of Donald J. Vaccaro, Jr. ("Vaccaro Declaration"), dated 12/16/2011, at ¶ 5 (Exhibit 1 of Resp't Answer and Return).

On or about April 16 and May 22, 1996, respectively, Petitioner was convicted in Kings County of Attempted Sale of a Controlled Substance in the Third Degree, in violation of N.Y. Penal Law ("Penal Law") §§ 110.00, 220.39[1], and was sentenced to 60 days imprisonment and five years probation for the former offense, and 90 days imprisonment and five years probation for the latter offense. On or about January 16, 2001, April 18, 2003, and January 17, 2006, respectively, Petitioner was convicted in Kings County of Criminal Possession of a Controlled Substance in the Seventh Degree, in violation of Penal Law § 220.03. He was sentenced to five days imprisonment for the first offense, to thirty days imprisonment for the second offense, and to time served for the third offense. On or about March 1, 2005, Petitioner was convicted in Kings County of Assault in the Third Degree, in violation of Penal Law § 120.00[1], and sentenced to 30 days imprisonment. On or about November 21, 2006, Petitioner was convicted in Kings County of Assault in the Second Degree, in violation of Penal Law § 120.05[2], and was sentenced to a three year term of imprisonment and three years post release supervision. Id. at ¶ 6.

On April 4, 2011, Lucien was encountered by officers assigned to the Department of Homeland Security ("DHS") Batavia Criminal Alien Program at the Willard Drug Treatment Campus in Willard, New York. Lucien was sent to Willard Drug Treatment Campus in

January 2011 because he violated a condition of his parole related to his November 21, 2006 conviction for Assault in the Second Degree. Id. at ¶ 7.

After the DHS officers verified Lucien's immigration status, he was placed in immigration removal proceedings by a Notice to Appear, dated June 28, 2011, which charged him, pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), with being subject to removal from the United States as an alien who has been convicted of an aggravated felony crime as defined in INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F), a crime of violence; pursuant to INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), with being subject to removal from the United States as an alien who has been convicted of a controlled substance offense; pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony as defined in INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B), a law relating to the illicit trafficking in a controlled substance; and pursuant to INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien who has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct. Id. at ¶ 8.

Upon his release from the Willard Drug Treatment Campus, Petitioner was received into DHS custody on July 5, 2011. Id. at ¶ 9. On October 5, 2011, an Immigration Judge ("IJ"), after

conducting a hearing at Petitioner's request, denied Lucien's request for change in custody status and determined that Lucien was subject to mandatory detention pursuant to the provisions of INA § 236(c). Id. at ¶ 8. Lucien appealed the IJ's denial of bond, which was denied by the Board of Immigration Appeals ("BIA") on December 27, 2011. See Resp't Supplemental Affidavit (Dkt. No. 12) at Ex. A, p 1-4.

On April 30, 2012, at the conclusion of immigration proceedings in the Immigration Court, the IJ found Petitioner removable from the United States and ordered him removed to Haiti. Id. at ¶ 11. On June 6, 2012, Petitioner appealed the IJ's decision of April 30, 2012 to the BIA, which remains pending. Id. at ¶ 12.

In the instant habeas corpus petition, Petitioner seeks relief on the basis that "Respondents hold him in mandatory detention, unlawfully, without the opportunity for bail or bond assessment, pursuant to an erroneous interpretation of Section 236(c) . . . ." Pet. at 1. For the reasons that follow, habeas relief is denied, Petitioner's request for a bond hearing is denied, and the petition is dismissed.

**III. DISCUSSION**

**A. Jurisdiction and Exhaustion**

As an initial matter, this Court has jurisdiction to review the petition. It is well-established that district courts retain

jurisdiction to consider an alien's habeas challenge to the statutory framework mandating his detention during removal proceedings. See 28 U.S.C. § 2241(c)(3) (noting that the writ of habeas corpus may extend to those held in custody in violation of the constitution "or laws or treaties of the United States"); Demore v. Kim, 538 U.S. 510, 517 (2003) (finding that the INA does not bar habeas review of statutory or constitutional challenges to detention).

The issue of exhaustion also does not bar this Court from reviewing the petition. On October 5, 2011, an IJ denied Lucien's request for change in custody status and determined that he was subject to mandatory detention pursuant to the provisions of INA § 236(c). Lucien appealed the IJ's decision to the BIA, and the appeal was denied. See Resp't Supplemental Affidavit at Ex. A, p 1-4. Accordingly, Petitioner has exhausted the issues presented in the habeas petition, and said claims are properly before this Court.[1]

## B.  Petitioner is Properly Held in Mandatory Detention under INA § 236(c)

Section 236 of the INA provides, in pertinent part, for the mandatory detention of:

> any alien who . . . is deportable by
> reason of having committed any offense

---

[1] The Court notes that, at the time Petitioner filed the instant habeas petition, his appeal of the IJ's decision was pending in the BIA. See Vaccaro Declaration (Dkt. No. 5-1) at ¶ 10.

> covered in section 1227(a)(2)(A)(ii),
> (A)(iii), (B), (C) or (D) of this title .
> . . when the alien is released, without
> regard to whether the alien is released
> on parole, supervised release, or
> probation, and without regard to whether
> the alien may be arrested or imprisoned
> again for the same offense.

8 U.S.C. § 1226(c)(1)(B). Section 1226(c) is referred to as the mandatory detention provision because section 1226(c)(1) requires the Attorney General to take certain aliens into custody, and those aliens cannot be released unless they satisfy the very narrow requirements set forth in section 1226(c)(2), none of which apply to Petitioner.

In this case, Lucien's multiple criminal convictions, which include a conviction for the aggravated felony offense of assault and several convictions for controlled substance offenses, place him among the classes of criminal aliens described in Section 236(c). Moreover, the record reflects that Petitioner was received into DHS custody on July 5, 2011, upon his release from the Willard Drug Treatment campus, where he was serving a sentence for a violation of parole. See Pet. at 5. Further, Petitioner admits, and the record reflects, that he was held at Willard after he "violated a condition of parole on January 13, 2011." Pet. at 5.

Petitioner's argument that he was released into DHS custody upon a removable offense that was not included among the immigration charges that are pending against him is belied by the

record. See Pet. at 5, 11. The record reflects that the parole violation which led to Lucien being placed into state custody in July 2011, was a violation of parole from his November 2006 conviction for Assault in the Second Degree, for which he was sentenced to a three year term of imprisonment and three years post release supervision. Based on his sentence for the parole violation, and that he was received into DHS custody upon his release from state custody at the Willard Drug Treatment Campus, Petitioner's challenge to mandatory detention under INA § 236(c) is without merit.

**C.  Petitioner was Afforded Due Process**

Petitioner argues that "due process affords him a right to a hearing before an impartial official, giving him a chance to show that . . . he poses no risk that would justify confining him between the moment the government claims he is removable and the adjudication of the government's claim." Pet. at 11 (citing Demore v. Kim). This claim fails because the record before this Court reflects that Lucien was provided the process that is due a criminal alien under the circumstances presented here.

Immigration regulations issued under INA § 236 include a provision that grants aliens in removal proceedings a right to bond hearings, and for review and redetermination of the bond decisions, upon the alien's request. See 8 C.F.R. §§ 1236.1 and 1003.19. Aliens who are in mandatory detention pursuant to § 236(c) have a

7

right to a so-called "Joseph" hearing to determine whether an alien is properly determined to be within the classes of aliens described in INA § 236(c)(1)(A)-(D), 8 U.S.C. § 1226(c)(1)(A)-(D). See Matter of Joseph, 22 I. & N. Dec. 799, 1999 WL 339053 (BIA 1999); see generally Arthur v. Gonzales, Nos. 07-CV-6158, 07-CV-6473, 2008 WL 4934065, at *10-11 (W.D.N.Y. Nov. 14, 2008).

Here, Petitioner was afforded a Joseph hearing, at which he challenged his designation as an alien subject to section 236(c). The record reflects that, based upon the charges in the Notice to Appear, DHS determined that Lucien was subject to mandatory detention under Section 236(c). Subsequently, he moved for a bond hearing, which the IJ conducted. On October 5, 2011, the IJ determined that Section 236(c) applied to Lucien, and entered an order denying his request for a change in custody status. Thus, contrary to his contention, Petitioner was afforded the opportunity to challenge his designation as an alien subject to section 236(c).

Moreover, the Court notes that Petitioner's argument in support of an alleged due process violation -- i.e., that he was not given an opportunity "to show that . . . he poses no risk that would justify confining him between the moment the government claims he is removable and the adjudication of the government's claim" -- is an argument which is discretionary in nature rather than an argument directed toward mandatory detention under INA § 236(c). However, as discussed *supra*, Lucien was properly

8

detained under 236(c) as a criminal alien and requested and was granted a Joseph hearing in which he challenged his designation as an alien subject to section 236(c). Thus, he was afforded the process due him under the circumstances of his case, and therefore his claim of a due process violation is without merit and provides no basis for habeas relief.

**III. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied (Dkt. No. 1), and the petition is dismissed. Petitioner's request for a bond hearing is denied. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance

with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

                                       S/Michael A. Telesca
                                       _____
                                       HONORABLE MICHAEL A. TELESCA
                                       United States District Judge

DATED:     October 30, 2012
             Rochester, New York